IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STANLEY S. HARRISON                                                                   PLAINTIFF

vs.                                        Civil No. 1:17-cv-01001

NANCY A. BERRYHILL                                                                    DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Stanley Harrison ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability application on June 13, 2014. (Tr. 11). In this application, Plaintiff alleges being disabled due to psoriatic arthritis, bilateral knee pain, upper body shoulder pain and weakness, painful psoriasis, coronary atherosclerosis of native coronary artery, claudication-intermittent, coronary artery disease, hypertension chronic, and congestive heart failure. (Tr. 353). Plaintiff alleged an onset date of March 28, 2014. (Tr. 11). His application was denied initially and again upon reconsideration. (Tr. 282-288).

Plaintiff requested an administrative hearing on his denied application. (Tr. 289). This

request was granted, and Plaintiff's administrative hearing was held on November 5, 2015. (Tr. 210-245). At this hearing, Plaintiff was present and was represented by Mary Thomason. *Id.* Plaintiff and Vocational Expert ("VE") Thomas Mungall testified at this hearing. *Id.* During this hearing, Plaintiff testified he was fifty-one (51) years old, and had a ninth grade education. (Tr. 215-216).

On December 29, 2015, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 11-24). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 28, 2014, his alleged onset date. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: ischemic heart disease and degenerative joint disease. (Tr. 13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC to perform light work except can only occasionally reach overhead bilaterally, occasionally climb ramps/stairs, but never ladders/ropes/scaffolds; occasionally kneel, stoop, crouch, and crawl, but never balance; should not be exposed to hazards such as unprotected heights, moving mechanical parts, or operating a motor vehicle; should have no exposure to humidity and wetness; should avoid concentrated exposure to fumes, odors, dusts, gasses, and other environmental irritants; and should never he exposed to extreme cold/heat. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff did not retain the capacity to perform any of his PRW. (Tr. 23, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 23, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 239-244). Based upon this testimony and considering his RFC, the ALJ determined Plaintiff retained the capacity to perform the following jobs: (1) cafeteria attendant with approximately 145,904 such jobs nationally, (2) fast food worker with approximately 2,321,421, and (3) housekeeping with approximately 229,918 such jobs nationally. (Tr. 24). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from March 28, 2014 through the date of the decision. (Tr. 24, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 39). On December 7, 2016, the Appeals Council denied his request for review. (Tr. 1-4). On January 3, 2017, Plaintiff filed a Complaint in his case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13, 17. This case is now ready for determination.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record because the ALJ erred: (1) in weight given to the opinions of Plaintiff's physicians, (2) in the credibility determination of Plaintiff, and (3) in failing to consider his impairments in combination with others. ECF No. 13. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 17.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ specifically discounted Plaintiff's alleged limitations for the sole reason that they were not supported by his medical records. (Tr. 16-23). Notably, the ALJ recited he had considered Plaintiff's subjective complaints and then stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements considering the intensity,

6

persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 17).

The "reasons" outlined in the decision, however, were truly only one reason: Plaintiff's allegations were not supported by his medical records. The ALJ also summarized his findings as follows: "In sum, the above residual functional capacity assessment is *supported by the totality of the objective medical record* showing overall improvements in the claimant's physical impairments." (Tr. 22). (emphasis added).

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of January 2018.**

/s/   Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE